IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.   19-CR-132-LJV

MARY ANN LANGRIDGE,

Defendant.



## PLEA AGREEMENT

The defendant, MARY ANN LANGRIDGE, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.   THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to a one count Information which charges a violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i) (Attempted Transportation within the United States of an Illegal Alien for Private Financial Gain), for which the maximum possible sentence is a term of imprisonment of 10 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required

to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. That a person was in the United States in violation of the law;

   b. That the defendant knew, or acted in reckless disregard of the fact, that the person was an alien who had come to, entered, or remained in the United States in violation of the law;

   c. That the defendant attempted to transport the alien within the United States;

   d. That the defendant acted willfully in furtherance of the alien's violation of law; and

   e. That the defendant acted for the purpose of commercial advantage or private financial gain.

## FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. On May 21, 2019, Rita Leida Montes-Farfan a/k/a Rosa Guadalupe Lopez-Gonsalez, a Mexican citizen, and Leonardo Jiminez-De La Rosa, a Dominican Republic citizen, entered the United States at a boat

2

dock in Lewiston, NY, in the Western District of New York, without authorization and in violation of the law.

b. On May 21, 2019, the defendant, acting in reckless disregard of the fact that Montes-Farfan and Jiminez-De La Rosa entered the United States in violation of the law, met Montes-Farfan and Jiminez-De La Rosa at the boat dock in Lewiston, NY and attempted to transport the two aliens to the Seneca Niagara Casino in Niagara Falls, NY via automobile. The defendant intended to drive Montes-Farfan and Jiminez-De La Rosa in her car to the Seneca Niagara Casino to conceal their illegal entry into the United States from law enforcement.

c. The defendant acted willfully.

d. The defendant participated in this offense in exchange for $500.00 United States currency.

### III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6. The government and the defendant agree that Guidelines § 2L1.1(a)(3) applies to the offense of conviction and provides for a base offense level of 12.

### ACCEPTANCE OF RESPONSIBILITY

7. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of 10.

## CRIMINAL HISTORY CATEGORY

8. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

9. It is the understanding of the government and the defendant that, with a total offense level of 10 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 6 to 12 months, a fine of $4,000 to $40,000, and a period of supervised release of 1 to 3 years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

10. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

4

11. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

12. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. ALIEN STATUS

13. The defendant understands that, as a result of the defendant's guilty plea and conviction, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

14. The defendant acknowledges that the defendant is not a citizen of the United States and that the defendant is on notice that the defendant's ability to enter, remain and/or reside in the United States is subject to the laws, regulations and associated policies of the Department of Homeland Security. The defendant understands that any effect that the defendant's conviction in this action will have upon the defendant's immigration status will

be determined by the Department of Homeland Security in a separate proceeding. The defendant has had an opportunity to fully determine what the consequences of the defendant's conviction may be on the defendant's immigration status.

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

15. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment; and

   d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

16. At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 19-mj-5126.

17. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII. APPEAL RIGHTS

18. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 9, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

19. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

20. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 9, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. FORFEITURE PROVISIONS

21. As a condition of the plea, the defendant agrees not to contest any forfeiture or abandonment proceeding that may be brought by the United States and agrees to immediately forfeit all of the defendant's right, title and interest to any and all property which are subject to forfeiture pursuant to Title 8, United States Code, Section 1324(b), which was seized from the defendant on or about May 21, 2019. That property includes:

> The sum of five hundred dollars ($500.00) in United States currency seized from the defendant by law enforcement officers.

22. The defendant further agrees that the currency represents proceeds the defendant obtained from the illegal conduct for which she is pleading guilty or monies that were to be used to facilitate further illegal activity. The defendant further agrees that the forfeiture of this currency is not in satisfaction of any fine, restitution or any other financial penalty that the Court will impose upon sentencing.

23. The defendant waives all constitutional, legal and equitable defenses to the forfeiture of the above-described property in any proceeding, including notice and statutory time limits contained therein. The defendant further waives any right to appeal or collaterally attack any matter in connection with the forfeiture of property as provided in this agreement and agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure of property covered by this agreement. The defendant further agrees that the forfeiture of currency survives the voiding of this Agreement for any reason.

## IX. TOTAL AGREEMENT AND AFFIRMATIONS

24. This plea agreement represents the total agreement between the defendant, **MARY ANN LANGRIDGE**, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY: _____
JONATHAN P. CANTIL
Assistant United States Attorney

Dated: July 17, 2019

I have read this agreement, which consists of pages 1 through 9. I have had a full opportunity to discuss this agreement with my attorney, FONDA KUBIAK, AFPD. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
MARY ANN LANGRIDGE
Defendant

Dated: July 17, 2019

_____
FONDA KUBIAK, AFPD
Attorney for the Defendant

Dated: July 17, 2019